# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-1591-PAB-MJW

STEVEN STROUD and MIRANDA STROUD,

Plaintiffs,

v.

MIDLAND CREDIT MANAGEMENT, INC.,

Defendant.

## STIPULATED PROTECTIVE ORDER

To expedite the exchange of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, pursuant to the Court's authority under Fed. R.Civ.P. 26(c) and with the consent of the parties, the Court hereby ORDERS:

1. **Nondisclosure of Stamped Confidential Documents**. Except with the prior written consent of the party or other person originally designating a document to be stamped as a confidential document, or as hereinafter provided under this Order, no stamped confidential document may be disclosed to any person.

2. **Stamped Confidential Documents.** A "stamped confidential document" means any document which bears the legend "Confidential" to signify that it contains information believed to be subject to protection under Fed. R. Civ. P. 26(c). For purposes of this Order, the term "document" means all written, recorded, or graphic material, all electronic media, whether produced or created by a party or another person, whether produced pursuant to Fed.. R. Civ. P.

34, subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a stamped confidential document, but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.

3. **Permissible Disclosures**. Notwithstanding paragraph 1, stamped Confidential documents may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation; the parties and to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the court). Subject to the provisions of subparagraph (c), such documents may also be disclosed:

(a) to any person designated by the court in the interest of justice, upon such terms as the court may deem proper; and

(b) to persons noticed for depositions or identified as potential trial witnesses to the extent reasonably necessary in preparing to testify; and to outside consultants or experts retained for the purpose of assisting counsel in the litigation; provided, however, that in all such cases the individual to whom disclosure is to be made has signed a form containing the following information, which form shall be maintained by the disclosing counsel and provided to opposing counsel upon request:

(1) a recital that the signatory has read and understands this order;

2

(2) a recital that the signatory understands that unauthorized disclosures of the stamped confidential documents could constitute contempt of court; and

(3) a statement that the signatory consents to the exercise of personal jurisdiction by this court.

4. **Declassification**. A party may apply to the court for a ruling that a document stamped as confidential is not entitled to such status and protection. The party that designated the document as confidential shall be given notice of the application and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection.

5. **Confidential Information in Depositions**. (a) A deponent may during the deposition be shown and examined about stamped confidential documents if the deponent already knows the confidential information contained therein or if the provisions of paragraph 3(b) are complied with. Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent unless they sign the form prescribed in paragraph 3(b). A deponent who is not a party or a representative of a party shall be furnished a copy of this Order before being examined about, or asked to produce, potentially confidential documents.

(b) If testimony concerning Confidential information is elicited at a deposition, counsel for either party may request that a designated portion of the transcript be treated as Confidential. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as containing Confidential information after transcription, provided written notice of such designation is promptly given to

3

all counsel of record within fifteen (15) days after notice by the court reporter of the completion of the transcript.

Until expiration of the 15-day period, the entire deposition will be treated as subject to protection against disclosure under this Order.

6. **Confidential Information at Trial**. Subject to the Federal Rules of Evidence, stamped Confidential documents and other Confidential information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives five (5) days advance notice to counsel for any party or other person that designated the information as Confidential. With regard to rebuttal exhibits, notice shall be given as soon as disclosing counsel determines an exhibit shall be used for rebuttal. Any party may move the court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The court will then determine whether the proffered evidence should continue to be treated as Confidential information and, if so, what protection, if any, may be afforded to such information at the trial.

[handwritten margin note: consistent with D.C. Colo. LCivR 7.2 and 7.3]

7. **Subpoena by Other Courts or Agencies**. If another court or an administrative agency subpoenas or orders production of stamped Confidential documents that a party has obtained under the terms of this order, such party shall promptly notify the party or other person who designated the document as confidential of the pendency of such subpoena or order.

8. **Filing**. Stamped Confidential documents need not be filed with the clerk except when required in connection with motions under Fed. R. Civ. P. 12 or 56 or other matters pending before the court. If filed, they shall be filed under seal and shall remain sealed while in the office of the clerk so long as they retain their status as stamped Confidential documents.

[handwritten margin note: consistent with D.C. Colo. LCivR 7.2 and 7.3]

4

9. **Client Consultation**. Nothing in this order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped Confidential documents.

10. **Use**. Persons, including the parties to this litigation, obtaining access to stamped Confidential documents under this Order shall use the information only for preparation and trial of this litigation (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings.

11. **Non-Termination**. The provisions of this order shall not terminate at the conclusion of these actions. Within 120 days after final conclusion of all aspects of this litigation, stamped Confidential documents and all copies of same (other than exhibits of record) shall be returned to the party or person that produced such documents or, at the option of the producer, destroyed.

12. **Modification Permitted**. Nothing in this order shall prevent any party or other person from seeking modification of this order or from objecting to discovery that it believes to be otherwise improper.

13. **Responsibility of Attorneys**. The attorneys of record are responsible for employing reasonable measures, consistent with this order, to control duplication of, access to, and distribution of copies of stamped Confidential documents. Parties shall not duplicate any stamped Confidential document except working copies and for filing in court under seal.

14. **No Waiver**. (a) Review of the Confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

(b) The inadvertent, unintentional, or *in camera* disclosure of Confidential documents and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

Dated October 9, 2009.

BY THE COURT:

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO